## Robert Wheeler v. John Pannell.

### [51 South. 598.]

Landlord and Tenant. *Interference with relation. Liability. Code* 1906, § 1146. *Enticing away.*

Under Code 1906, § 1146, subjecting a person who entices away a tenant under a written contract for a specified time to punishment and making him liable to the landlord for all advances made to the tenant under the contract:—

(*a*) A recovery by the landlord against one who enticed away his tenant is not dependent upon his conviction of the offense; but

(*b*) The landlord cannot recover for advances made to the tenant for completing a crop grown under a prior lease.

From the circuit court of, second district, Chickasaw county. Hon. Eugene O. Sykes, Judge.

Pannell, appellee, was plaintiff in the court below; Wheeler, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

.Pannell leased lands to one Chandler for the year 1907 and made him advances for that year which in part were unpaid when this suit was begun, January 11, 1908. In September, 1907, Pannell leased the lands to Chandler for a term of one year beginning January 1, 1908, and made him further advances during the balance of the year 1907, it being a point in controversy whether they were made under the new or the old lease. In December, 1907, Chandler moved from Pannell's land and rented a farm from Wheeler. Thereupon Pannell prosecuted Wheeler criminally for enticing away his tenant. Wheeler was tried and acquitted.

Pending the criminal proceeding Pannell began this civil suit against Wheeler to recover the value of advances made by him to his tenant, $163. The testimony left it quite uncertain as to what part of the supplies were advanced, if any, under the new lease, and strongly tended to show that practically all

cf them were made to finish the crop of 1907. The statute upon which the suit was based is as follows:

§ 1146 (1086). *Enticing Servants.* (Laws 1900, ch. 102.) "If any person shall willfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and in addition shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may have sustained by reason thereof. The provisions of this section shall apply to minors under contract made by a parent or natural guardian."

*Leftwich & Tubb,* for appellant.

The advances for which the statute gives the landlord a lien are advances made to sustain the laborer while he is making the crop. These statutes are in the interest of agriculture; they enable the laborer who is impecunious to support his family before the crop is realized upon and they secure the landlord for money paid out to get the crop made. The equity of it is that the money the landlord advances enters into the very substance of the crop and makes it in equity and good conscience his before it is grown to the extent of these advances. It contemplates that these advances shall be made during the year when the crop is grown, not necessarily alone after it is actually planted, but while the soil is in preparation. All the decisions of our court sustain this position. The advances for one year cannot be treated by any sort of agreement as advances for the next. *Lumbley v. Gilruth,* 65 Miss. 23.

It has been held that the lien for advances does not exist

merely by reason of the landlord guaranteeing the advances; the relations of landlord and tenant must exist and the advances must be made by the landlord himself directly. *Ellis v. Jones,* 70 Miss. 60.

The court has held that an agreement that one furnishing the advances should be understood as landlord, and one receiving them should be understood as tenant does not give rise to the relation and give a lien for the advances. *Jamison v. Acker,* 14 South. 691.

By virtue Code 1906, §§ 2832, 3042, it is only for supplies and advances to enable the tenant to make a crop that the statutes give a lien. In construing the same statute, sec. 1146, our court has held that it was never intended as a statute for the collection of debts due the employer or the landlord by the tenant. *Christman v. Russell,* 73 Miss. 452.

From the words of the statute as well as from the construction placed upon it, it was never contemplated that the advance made during one year of tenancy could lap over onto another year.

It will be seen that sec. 1146 is in the chapter of the code on crimes and misdemeanors. It is placed there by the codifiers as a clear indication of its proper interpretation. It is not a civil statute at all, but a criminal one. Now notice the language of the statute itself; it says: "He shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars," and in addition, shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer." It is plain here that the civil liability is dependent upon the criminal conviction of the alleged wrong-doer, and is an added penalty to the fine imposed by the state and which goes to the state. If the legislature did not mean this when it used the words "in addition," how can these words be explained? This statute has already been construed as highly penal. *Hendricks*

*v. State,* 79 Miss. 368, 30 South. 708; *Ex parte Harris,* 85 Miss. 4, 37 South. 505; *Mahoney v. McNeal,* 77 Miss. 406, 27 South. 528.

*A. T. Stovall,* for appellee.

Code 1906, § 1146, does not say that a person interfering with a landlord's tenant will be liable to the said landlord for all advances for which the landlord has a lien, nor does it say all advances made to the tenant to sustain him while making the crop, but rather does it say: "For all advances made to him by virtue of his contract," and these advances may be made by any employer to any employe by virtue of his contract, and the party interfering would be liable. The statute is not restricted to landlord and tenant, but applies to all employers and all employes.

In this case the proof is overwhelming that Pannell, appellee, made these advances by virtue of his contract, and that appellee knew this.

That part of Code 1906, § 1146, in regard to the civil liability is remedial and not penal, and it should be liberally construed with a view to the effectuation of the intention of the law makers. If there be any doubt or ambiguity, that conclusion should be accepted which will best advance the remedy provided and help suppress the mischief at which it was aimed. Black, Interpretation of Laws, rule 117.

The court has, in the case of *Hoole v. Dorroh,* 75 Miss. 257, 22 South. 829, very properly said that this statute, Code 1892, § 1068, "protects contract rights, it destroys none" and that the statute applies not only to landlord and tenant, but to employers and laborers in all kinds of employment.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony in this case makes it clear, as we think, that a very large part of the amount for which the jury returned a

verdict was furnished by Pannell for the completion of the crop of 1907, and was not furnished on the faith of the contract for the year 1908, and this necessitates a reversal. We cannot assent to the contention that, under our laws on this subject, there must be a conviction for the crime as a condition precedent to the right to sue for the damages; but, for the error indicated, the judgment is reversed, and the cause remanded.

*Reversed.*